UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN RUDDOCK,

        Petitioner,

    v.                                                                                      20-CV-549
                                                                            DECISION & ORDER

CHAD WOLF, Acting Secretary, U.S.
Department of Homeland Security, et al.,

        Respondents.

The petitioner, Kevin Ruddock, is a civil immigration detainee currently held at the Buffalo Federal Detention Facility in Batavia, New York ("BFDF"). Ruddock claims that his continued detention during the COVID-19 global pandemic is "tantamount to material punishment" and therefore violates his Fifth Amendment right to Due Process. Docket Item 1 ¶ 42. Ruddock notes that he "is particularly concerned about COVID-19 because [he was stabbed] in 2008 and [his lung] collapse[d]." *Id.* ¶ 1. Additionally, he claims that he has "been smok[ing since] age 13 and now [has an] infection in [his] lungs." *Id.*

On May 12, 2020, the respondents moved to dismiss the petition. Docket Item 6. They argue that "no [D]ue [P]rocess violation exists because [Ruddock] is not a 'vulnerable individual,'" as defined by the Centers for Disease Control ("CDC"). Docket Item 6-1 at 4. The respondents also contend that they "provided exceptional [medical] care" to Ruddock, *id.* at 5, after he tested positive for COVID-19 on April 16, 2020, Docket Item 6-2 ¶ 25.

On May 15, 2020, Ruddock responded to the motion.  Docket Item 8.[1]  He argues that he "do[es] meet [the] vulnerable individual classification because BFDF did not comply with the CDC law during the time of late February to the middle of April. . . . They did not meet any standards to protect [him]."  Docket Item 8 at 2.  He does not, however, identify any underlying medical condition that puts him at high risk for complications from COVID-19.

For the reasons that follow, this Court grants the motion to dismiss Ruddock's petition.

## DISCUSSION

In *Jones v. Wolf*, this Court found that the government's "fail[ure] to take the steps recommended by public health officials to protect *high-risk individuals* from contracting COVID-19" while in immigration detention at the BFDF violated those individuals' Due Process rights.  No. 20-CV-361, 2020 WL 1643857, at *1 (W.D.N.Y. Apr. 2, 2020) (emphasis added).  Thus, this Court ordered the government to "provide those petitioners who are vulnerable individuals, as defined by [the CDC,] with a living situation that facilitates 'social distancing.'"  *Id.*

With respect to the BFDF petitioners who were not "vulnerable" based on CDC guidelines, however, this Court found that there was no Due Process violation.  *See Ramsundar v. Wolf*, No. 20-CV-361, 2020 WL 1809677, at *3 (W.D.N.Y. Apr. 9, 2020) ("Although these individuals may be at heightened risk of developing complications from

---

[1] Counsel for the respondents filed Ruddock's response as ordered by this Court.  *See* Docket Items 3 and 8.  Ruddock also mailed an identical response, which was docketed as Docket Item 9.

COVID-19, they do not meet the CDC's current criteria for vulnerable individuals. Because the violation at issue arises from the respondents' failure to act on their actual knowledge of serious risks to the health and well-being of individuals with the vulnerabilities identified by the CDC, the respondents are not acting with deliberate indifference to the needs of [the petitioners who do not] meet[ ] these criteria." (citation and internal quotation marks omitted)).

As noted above, Ruddock has not identified any underlying condition that puts him at high risk under CDC guidelines; on the contrary, he states that he "came [to the BFDF] with no medical problems." Docket Item 8 at 2. Nor does Ruddock identify any other facts that distinguish his case from those of the petitioners who were not high risk in *Jones* and *Ramsundar*. What is more, the respondents' expert—Captain Abelardo Montalvo, M.D.—attests that he has reviewed Ruddock's medical records and Ruddock "does not have any of the chronic conditions listed by the CDC that would make him a 'vulnerable individual.'" Docket Item 6-2 ¶ 24.

Therefore, based on this Court's decisions in *Jones* and *Ramsundar*, the respondents have not violated Ruddock's right to Due Process.

Ruddock also alleges that the respondents are providing him with inadequate medical care. More specifically, he claims that "BFDF is not a hospital" and he "can get better care outside than in here." Docket Item 8 at 2. He claims that he has "not seen any medical staff come and ask [him] anything after finding out [he has] a lung infection." *Id.* He further alleges that the respondents "only gave [him] five pills and an inhaler," and he is "still breathing short and still feeling ches[t] pain. Coughing blood and feeling [his] heart beating slow[ly] at night." *Id.*

3

As an initial matter, the question before this Court is not whether Ruddock could receive better care outside the BFDF; it is whether the care he is receiving at the BFDF demonstrates deliberate indifference to his serious medical needs. *See Jones*, 2020 WL 1643857, at *3. And the answer to that question is that there has been no deliberate indifference. Ruddock's medical records show that he "was seen in excess of 16 times," including being "seen twice on certain days." Docket Item 11 at 17; *see also* Docket Item 11-2 (medical records). His temperature and vital signs were checked frequently, and his blood oxygenation levels—one of the tests that might show worrisome COVID-19 complications—ranged from 96% to 100%. *See* Docket Item 11-2 at 3, 5, 7, 10, 12, 15, 18, 20, 24, 26, 28, 30, 33, 35, 37, 39, 41, 48, 51, 55, 60-61; *see also* Docket Item 6-2 ¶ 28 (Montalvo Declaration) (explaining that Ruddock "has excellent blood oxygenation"). He was "taken for a chest x-ray . . . [and] prescribed an antibiotic and an inhaler for his symptoms." Docket Item 11 at 17; *see also* Docket Item 11-2. Ruddock does not suggest what other treatment he should have received for his shortness of breath, nor does he offer any evidence that the treatment given was unsuccessful. In fact, Dr. Montalvo has opined that Ruddock's condition has improved, Docket Item 6-2 ¶ 28, and nothing in the record suggests otherwise.[2]

Accordingly, this Court finds that the respondents have not been deliberately indifferent to Ruddock's serious medical needs in providing him care for COVID-19.

---

[2] Ruddock claims that he was "[c]oughing blood," Docket Item 8 at 2, but the medical records offer no support for that claim, *see* Docket Item 11-2.

**ORDER**

For the reasons explained above, the respondents' motion to dismiss, Docket Item 6, is GRANTED, and Ruddock's petition, Docket Item 1, is DISMISSED. The Clerk of Court shall close this case.

SO ORDERED.

Dated:   June 1, 2020
         Buffalo, New York

                                      */s/ Lawrence J. Vilardo*
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE